UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.   Case Nos.:   5:12cr9/MW/HTC
                  5:16cv153/MW/HTC

WILSON CALLE

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Wilson Calle's ("Calle") "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF Doc. 509), the Government's response (ECF Doc. 516) and Calle's reply (ECF Doc. 523). Calle's motion is based on one ground - that his counsel was ineffective for failing to raise a timely objection at trial to the district court's disclosure to the jury that a co-conspirator defendant had pled guilty and failing to timely move for a mistrial.[1] This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). Based on a review of the record and the arguments presented, the undersigned recommends Defendant's § 2255 motion be

---

[1] Because ineffective assistance of counsel claims generally are not cognizable on direct appeal, they are properly raised by a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012).

DENIED without an evidentiary hearing because Calle has failed to meet his heavy burden of showing counsel's representation was constitutionally ineffective.  *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

## BACKGROUND AND PROCEDURAL HISTORY

On April 19, 2012, a federal grand jury returned a 54-count indictment against Calle and six (6) co-defendants, Evelyn Johnston, Blaine Johnston, Hector A. Cabrera, Diana M. Gonzalez, Angel Done and Wilfredo Rodriguez.  ECF Doc. 1. The charges were based on an extensive conspiracy to defraud the Internal Revenue Service through the filing of fraudulent tax returns claiming refunds totaling over $19,000,00.00.[2]  *Id.*  Count One charged Calle and the other defendants with a conspiracy to defraud the Government with respect to claims between October 1, 2008, and October 27, 2009, in violation of 18 U.S.C. §§ 286 and 287.  ECF Doc. 1 at 1-9.  Counts 44 through 53 charged Calle and Angel Done with filing false claims in violation of 18 U.S.C. §§ 287 and 2.  *Id.* at 12-13.

Calle was arrested in New York and had his initial appearance before U.S. Magistrate Judge Cheryl Pollak in the Eastern District of New York.  ECF Doc. 94,

---

[2] The tax fraud scheme was premised on what is known as "redemption theory," which provides that "individuals are not responsible for their common personal debt obligations such as home mortgages, loans, credit card bills, and lines of credit, and may instead seek money from the IRS . . . to repay [or redeem] these outstanding obligations."  ECF Doc. 500 at 3.  Promoters of the scheme advised taxpayers that, by filing an IRS Form 1099-OID (Original Issue Discount), they could make a claim with the U.S. Treasury Department (Treasury) for satisfaction of personal debt.  *Id.* at 4.

Case Nos.: 5:12cr9/MW/HTC; 5:16cv153/MW/HTC

at 1. He was then transferred to Panama City, Florida, where he was arraigned by Magistrate Judge Larry A. Bodiford. *See id.* at 2. At the arraignment, Calle did not have an attorney, elected not to complete a financial affidavit and advised the Court he wished to represent himself. *Id.* Subsequently, he filed two (2) motions objecting to the Court's jurisdiction over him as a sovereign American Citizen. ECF Docs. 83, 99. The Court denied both motions. ECF Docs. 86, 117. At the request of the Government, and over Calle's objection, the Court held a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), on July 18, 2012, to determine whether Calle had waived his right to counsel, to ensure he knew the consequences of doing so and to inquire into his ability to make such a decision knowingly, voluntarily and intelligently. ECF Docs. 94, 105, 128, 133. The Court found Calle "did not unequivocally waive his right to counsel" and directed the Federal Public Defender to provide counsel. ECF Doc. 124.

CJRA attorney Thomas Cassidy, III, filed a notice of appearance on August 7, 2012. ECF Doc. 134. On September 17, 2012, Mr. Cassidy moved to withdraw. ECF Doc. 150. Mr. Cassidy requested the Court evaluate Calle's representation options given Calle's "concerns about the quality of his current representation." *Id.* Mr. Cassidy reported his client did not trust or have confidence in counsel; believed counsel was dishonest; and believed counsel was insufficiently motivated by CJRA compensation. ECF Doc. 150. Counsel's

motion was granted, and CJRA counsel Rachel Seaton-Virga took his place on October 12, 2012.   ECF Docs. 154, 155.

In August 2013, Ms. Seaton-Virga filed a Motion to Evaluate Representation and Motion to Withdraw as Counsel for Defendant and a Supplemental Motion. ECF Docs. 240, 245.   Similar to what Mr. Cassidy had reported, Ms. Seaton-Virga advised the Court Calle had expressed that he did not trust or have confidence in her; he did not believe counsel could provide zealous effective assistance of counsel; and he believed the relationship between him and his attorney to be irreversibly broken. ECF Doc. 245 at 1.   Counsel denied the latter two allegations, although Calle had filed a *pro se* law suit against her and others related to the present case in which he claimed violations of *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971).   ECF Doc. 245 at 2, 4-16.   The Court denied the motions without a hearing on September 4, 2013, based on counsel's assurances that she could provide effective assistance of counsel and the relationship was not irretrievably broken.   ECF Doc. 247.

A nine-day jury trial began before the Honorable J. Richard Smoak, Jr., on September 9, 2013.[3]   At trial, defendants Calle, Blaine Johnston, Rodriguez,

---

[3] Evelyn Johnston died in a car accident before indictment.   *See* ECF No. 312, at 12, ¶ 58.   The charges against Hector Cabrera, Diana Gonzalez's husband, were dismissed without prejudice upon the Government's motion (after numerous continuances were granted) due to Cabrera's poor health.   *See* ECF Docs. 100, 210, 228, 234-237, 481, 482, 485, 486.

Case Nos.: 5:12cr9/MW/HTC; 5:16cv153/MW/HTC

Gonzalez and Done collectively asserted a good-faith defense and proclaimed ignorance that their submission of the 1099-OID form in this manner was illegal. According to the defense, the 1099-OID process appeared legitimate based on the willingness of co-defendant Evelyn Johnston, an IRS enrolled agent, to submit these filings through ABACO,[4] and due to the circumstances surrounding the live seminars that lent the pitch an aura of credibility.

On the fourth day of trial, a Thursday, defendant Gonzalez tendered a guilty plea to Count One of the indictment. ECF Doc. 434 at 5; ECF Docs. 270-272. Without consulting with counsel, the District Judge made the following disclosure to the jury:

> You all have been locked away. I apologize for the delay but we had to first deal with another matter, and one of those matters that defendant Diana M. Gonzalez, pursuant to an agreement with the Government, pled guilty to Count One, and she is no longer on trial.

ECF Doc. 434 at 5. None of the four remaining defense attorneys either voiced an objection or requested that a limiting instruction be given. *See id*. The following Monday, the sixth day of trial, defense counsel jointly moved for a mistrial based on the District Judge's earlier disclosure. ECF Doc. 446 at 3-5. Defendant Done's counsel, Walter B. Smith, made the motion on behalf of all the defendants. In speaking to the Court, Mr. Smith explained:

---

[4] ABACO is a tax preparation entity that was then owned by Evelyn and Blaine Johnston. ECF Doc. 500, at 6.

Case Nos.: 5:12cr9/MW/HTC; 5:16cv153/MW/HTC

> It sort of took us by surprise when you informed the jury that she had pled guilty, because our defense strategy from the beginning has been everybody is similarly situated, everybody had the same information, everybody acted on the information that they obtained from seminars, et cetera. So it sort of caught us off guard. And we didn't have a chance to research the issue until this weekend.

ECF Doc. 446 at 3-4. Mr. Smith also stated "[n]ow, the reason I didn't object when—when you informed the jury, I didn't want to highlight it anymore, and I didn't know what the law was, and I didn't want to object and—and raise—focus more attention on it if it was not error, reversible error." ECF Doc. 446 at 4. Neither Ms. Seaton-Virga nor any of the other defense attorneys spoke at that time.

The Court denied the motion for mistrial but directed defense counsel to propose a curative instruction. *Id*. at 5. The Court advised counsel that, if requested, the curative instruction could be given twice—once during trial as soon as an instruction could be prepared and approved and again during the final charge to the jury. *Id*.

After the Government rested on the sixth day of trial, the defendants individually moved for judgments of acquittal. ECF Doc. 446 at 240-263. Attorney Seaton-Virga argued the Government had not proven Calle had any knowledge his conduct was illegal. *Id.* at 258-260. The Court denied Calle's motion, as well as those made by the other defendants. *Id*. at 263. The defense proceeded to present their evidence, and defendants Done, Johnston and Rodriguez testified. Calle did not testify. ECF Docs. 451, 452. During closing arguments,

Case Nos.: 5:12cr9/MW/HTC; 5:16cv153/MW/HTC

counsel for Done reminded the jury that Gonzalez's guilty plea was not evidence against his client. ECF Doc. 452 at 69. Ms. Seaton-Virga noted in her closing argument that Mr. Smith had touched on many of the same points she had planned to address without specifically mentioning Ms. Gonzalez's plea. ECF Doc. 452 at 86. During jury instructions, the Court gave the jurors the following curative instruction:

> . . . I told you last week that Diana Gonzalez is no longer a participant in the trial because she had pled guilty to a charge. I also instruct you that you must completely disregard what I said at that time about Diana Gonzalez, and you must not consider what I said about Diana Gonzalez's plea for any reason in reaching your verdict for any of the other defendants.
> Now, the fact that a codefendant has pled guilty cannot be considered as evidence of the guilt of any remaining defendant.

ECF Doc. 453 at 12. The jury found defendants Calle, Done and Blaine Johnston guilty as charged. ECF Doc. 453 at 35-37; ECF Doc. 294. Calle was thus guilty of Count One and Counts 44 through 53. Defendant Rodriguez was convicted of Count 54, but acquitted of Count One, the conspiracy charge.[5] *Id.* at 35.

---

[5] The Court sentenced Calle to a total term of 78 months' imprisonment. ECF Doc. 364. This sentence consisted of 78 months' imprisonment on Count 1, and 60 months' imprisonment on counts 44-53, with all counts to run concurrently. Calle was also ordered to pay restitution in the amount of $245,747.32. The restitution obligation was imposed jointly and severally among co-defendants Johnston, Gonzalez and Done. *Id.* Calle was further required to pay an $1100 special monetary assessment and serve a 3-year term of supervised release following his imprisonment. *Id.*

Case Nos.: 5:12cr9/MW/HTC; 5:16cv153/MW/HTC

Calle, along with co-defendants Done, Rodriguez and Blaine Johnston filed timely notices of appeal. ECF Docs. 425, 367, 378, 366. Calle raised several objections on appeal, including that the district court abused its discretion in denying the defendants' motion for mistrial. The Eleventh Circuit disagreed and on August 26, 2015, affirmed Calle's judgment of conviction. ECF Doc. 500 at 3; Eleventh Circuit Case No. 14-10040. Calle and the other defendants jointly filed a petition for rehearing and rehearing *en banc* on September 14, 2015. The Eleventh Circuit denied the petition on October 18, 2015. The Supreme Court denied Calle's petition for a writ of certiorari on May 16, 2016. ECF Doc. 508 at 2.

In its opinion, the Eleventh Circuit found that although the trial court committed error by instructing the jury that Gonzalez had entered a guilty plea, based "[o]n these peculiar facts . . . the error, although prejudicial, was not incurable and was, in fact, harmless in light of the curative instruction and the strength and nature of the government's evidence." *Id.* at 13. Because the curative instruction was given, the appellate court next considered whether aggravating circumstances existed that would require a new trial and found none. ECF Doc. 500 at 15. Rather, the Eleventh Circuit determined the trial court acted with a "proper purpose" in explaining Gonzalez's absence after three full days of trial. *Id*. at 16. Additionally, the Eleventh Circuit found Gonzalez's guilty plea was not improperly emphasized during the remainder of the trial and that appellants had neither

identified any references to her plea during the rest of the trial nor suggested that the prosecution took advantage of the district court's disclosure. The court also cited co-defendant Rodriguez's acquittal on Count One as showing the jurors took their tasks seriously and capably evaluated the evidence as to each defendant individually. *Id.* at 16-17; *see U.S. v. Parks*, 285 F.3d 1133, 1141 (9th Cir. 2002) (a jury is presumed to follow a curative instruction).

The appellate court also distinguished the facts before it from a prior decision in *United States v. Vaughn*, 546 F.2d 47 (5th Cir. 1977)), where a similar curative instruction had been found to be insufficient. Specifically, the court determined *Vaughn* was "readily distinguishable in that both the nature of the fraud here, and the strength of the Government's evidence, set the 1099-OID prosecution apart." *Id.* at 18. The Eleventh Circuit noted that, "had the [defendants'] scheme been less preposterous or the Government's evidence less compelling—we might have come to the view that the interests of justice weigh in favor of a new trial," but under the circumstances, the defendants' substantial rights had not been affected. *Id.* at 19. In other words, the strength of the Government's evidence and the weaknesses of the defendants' evidence distinguished the case before the court from *Vaughn*.

Calle timely filed the instant motion ten (10) days later on May 26, 2016. ECF Doc. 509 at 13. He claims that Ms. Seaton-Virga was constitutionally ineffective in her representation of him because she failed to immediately object to

Case Nos.: 5:12cr9/MW/HTC; 5:16cv153/MW/HTC

the district court's announcement to the jury that Gonzalez had pled guilty and she failed to timely move for a mistrial.

## DISCUSSION

### A. General Standard of Review for Ineffective Assistance of Counsel

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). A court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa."). As discussed below, the undersigned finds that Calle fails to meet either prong of the *Strickland* standard.

### B. Counsel's Performance Was Not Deficient

To establish the first prong of the *Strickland* standard, this Court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a

strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *See e.g., Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689). There is a wide range of constitutionally acceptable performance, and therefore a defendant seeking to rebut the presumption of adequate performance bears a heavy burden. *Grayson v. Thompson*, 257 F. 3d 1194, 1216 (11th Cir. 2001).

Calle has failed to meet this heavy burden. It simply cannot be said that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted). Indeed, all four defense counsel chose not to immediately object to the Court's disclosure. And, the District Court has already adopted the conclusion of another Magistrate Judge in this district that Done's counsel was not constitutionally ineffective in failing to make an immediate objection. *United States v. Done*, 5:12-cr-9-MW-GRJ-5, ECF Docs. 539, 541. Moreover, when Mr. Smith moved for a mistrial, he explained he "didn't want to object and—and raise—focus more attention on [the disclosure] if it was not error, reversible error." ECF Doc. 446 at 4. Thus, Calle's counsel, like Mr. Smith and the other counsel, may have made a strategic decision not to immediately object to Judge Smoak's statement regarding Gonzalez's plea. As the Eleventh Circuit noted in its opinion, counsel's delay in raising an objection "may have had some tactical underpinnings." ECF Doc. 500 at 17. Counsel

Case Nos.: 5:12cr9/MW/HTC; 5:16cv153/MW/HTC

cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy." *Darden,* 477 U.S. at 168. This Court should not "second-guess" that decision. *See Chandler v. United States*, 218 F.3d 1305, 1314-15 (11th Cir. 2000) ("We must avoid second-guessing counsel's performance"); *Waters v Thomas,* 46 F.3d 1506, 1522 (11th Cir. 1995) ("it does not follow that any counsel who takes an approach we would not have chosen is guilty of rendering ineffective assistance"). Moreover, "[e]ven if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

### C. <u>Counsel's Performance Was Not Prejudicial</u>

To establish prejudice, a defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S.

364, 369-70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

Calle claims counsel's performance prejudiced him because it (1) "alter[ed] the judgment of the jury regarding the neutralized evidence and turning the defense's theory into a canard" (ECF Doc. 510 at 14); (2) "barred him from having the constitutionally required cross-examination of Diana Gonzalez to show the jury her motives behind the change of plea and establish to the jury that there was no 'agreement' to form an illegal enterprise (*id*. at 15); and (3) "forfeited an opportunity for a review under the 'harmless error' standard and forced a review under the plain error standard of his underlying claim" (*id.* at 16).

To support his first prejudice argument, Calle claims that after the District Judge advised the jury of Gonzalez's guilty plea, "the Government took full advantage of the court's prejudicial error, framing their questions to allow the jury to infer that the remaining defendants, including Calle, were the conspirators in the conspiracy that Diana Gonzalez pleaded guilty to." ECF Doc. 510 at 8. Calle, however, fails to point to any instance in the trial transcript to support this position. The Eleventh Circuit also noted this failure in its opinion, stating, "Appellants fail to identify any reference to the Gonzalez plea during the remainder of the trial and

likewise do not suggest that the prosecution took advantage of the trial court's disclosure." ECF Doc. 500 at 16. Moreover, the Eleventh Circuit found that, "the Gonzalez guilty plea was not improperly emphasized during the remainder of the trial." *Id.*

Calle also argues that prior to the District Judge's disclosure, the Government's case "presented generic tangible evidence" and to that point, "the defense had neutralized, if not inverted this evidence." ECF Doc. 510 at 3, 5, 13. Calle's argument, however, is not supported by the trial transcript. Indeed, the Eleventh Circuit emphasized the strength of the Government's case when it concluded the error was curable and, in fact, had been cured. ECF Doc. 500 at 18. The Eleventh Circuit's findings as well as the trial transcript itself undermines the premise of Calle's argument that the district court's announcement "was the only evidence in the record" of Calle's guilt. ECF Doc. 510 at 7. The Eleventh Circuit found that "given the nonsensical fallacy that fueled the 1099-OID scheme, and the intricate lengths to which the Appellants went to promote it and follow through with the execution of sequential filings with the IRS, we are confident in our view that disclosure of the Gonzalez plea held no sway with the jury in reaching its verdict." ECF Doc. 500 at 19. It also noted that it might have come to a different conclusion not under a different standard of review, but "had the scheme been less preposterous

or the Government's evidence less compelling." *Id.* Thus, Calle's first point of prejudice is unavailing.

Calle's second allegation of prejudice is that counsel's failure deprived him of his right to cross-examine Gonzalez about the reason for her guilty plea. Gonzalez's guilty plea, however, did not preclude Ms. Seaton-Virga or any of the other attorneys from calling her as a witness. By pleading guilty, Gonzalez waived her Fifth Amendment right to be free of compulsory self-incrimination as to the conspiracy claim. *See United States v. Gloria,* 494 F.2d 477, 480 (5th Cir. 1974) (waiver of Fifth Amendment right applied only to charge to which witness pled guilty); *United States v. Dowdy*, 486 F.2d 1042, 1043 (5th Cir. 1973) (district court overruled objection because witness's guilty plea "constituted waiver of his constitutional privilege"). Thus, Gonzalez could have been subpoenaed to testify. Calle relies on *Bruton v. United States*, 391 U.S. 123 (1968) to support his position, but that case is inapposite because it deals with a confession to a postal inspector that was admitted into evidence as part of a joint trial for conspiracy. Because *Bruton* deals with an error related to an inadmissible confession, rather than a guilty plea, the co-defendant who made the confession (unlike Gonzalez), could not be compelled to testify.

Calle's final assertion of prejudice relates to the standard of appellate review applicable to his case. Calle erroneously contends that the Eleventh Circuit applied

Case Nos.: 5:12cr9/MW/HTC; 5:16cv153/MW/HTC

the "plain error" rather than the "harmless error" standard. ECF Doc. 510 at 17. While Calle is correct that when an objection has not been made to an error at trial, the reviewing court applies the plain error standard, here, because the defendants' counsel moved for a mistrial, the appellate court applied the harmless error standard. *See* ECF Doc. 500 at 11 (citing *United States v. Newsome,* 475 F.3d 1221, 1227 (11th Cir. 2007)) ("when the record contains sufficient independent evidence of guilt, any error was harmless"). The Eleventh Circuit's opinion is replete with references to the harmless error standard. ECF Doc. 500 at 13, 17, 46, 47. In other words, this is not a case where an objection was not made – it is one where an objection was made, even if "belatedly." *Id*. at 13; *see United States v. Krocka,* 522 F. App'x 472, 477 (11th Cir. 2013) (abuse of discretion standard was applied to objection raised five (5) days later); *United States v. Sanders,* 87 F. App'x 83, 87 (10th Cir. 2004) (plain error applies rather than abuse of discretion where no objection or motion for mistrial was made). Calle's argument is simply not supported by the Eleventh Circuit's opinion as there is no indication the court applied the plain error standard. The court did not consider whether "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings," but whether the error was "harmless beyond a reasonable doubt," and determined it was. *See United States v. Murga*, 190 F. App'x 898, 905 (11th Cir. 2006); ECF Doc. 500 at 46. Calle also relies heavily on the dissenting opinion from Judge

Case Nos.: 5:12cr9/MW/HTC; 5:16cv153/MW/HTC

Wilson in his motion. While disagreeing with the ultimate conclusion, Judge Wilson also recognized, however, that the majority applied the harmless error standard. ECF Doc. 500 at 55.

Nonetheless, Calle argues that had the appellate court applied the harmless error standard, "the focus of the review[ing] court would have been on the error's effect on the jury." ECF Doc. 510 at 17. Calle's argument, once again, is undermined by the Eleventh Circuit's opinion. A reading of that opinion shows that the court's primary focus was, indeed, the effect of the District Judge's disclosure on the jury. The appellate court was "confident in [the] view that disclosure of the Gonzalez plea held no sway with the jury in reaching its verdict." ECF Doc. 500 at 19. In support of its conclusion, the Eleventh Circuit found "no indication the jury treated the Gonzalez guilty plea as substantive evidence of Appellants' guilt." *Id.* at 16. Indeed, the Eleventh Circuit pointed to the fact that defendant Rodriguez, whom it described as "Gonzalez's closest ally," was acquitted of Count One, the conspiracy charge, as evidence that the jury followed the district court's curative instruction. *Id*. The Eleventh Circuit's determination that the jury's decision was not affected by the trial court's disclosure of Gonzalez's guilty plea precludes a finding of prejudice to Calle for his counsel's failure to make an "immediate" objection to the disclosure at trial. *See Strickland*, 466 U.S. at 694 (to

establish prejudice, a defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different).

### D. **Defendant's Request for an Evidentiary Hearing**

Calle requests an evidentiary hearing on his ineffective assistance of counsel claim. The undersigned finds, however, that an evidentiary hearing is unnecessary because "the motion and files and records conclusively show [Calle] is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015); *Gordon*, 518 F.3d at 1301. To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). Here, as set forth above, Calle's arguments are simply not supported by the trial transcript or the record. Calle cannot establish either prong of his *Strickland* claim. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted).

### CONCLUSION

For the foregoing reasons, the undersigned finds Calle has failed to show that he was deprived of constitutionally effective counsel as mandated by *Strickland*. He is not entitled to relief pursuant to 28 U.S.C. § 2255, and the undersigned recommends Calle's motion be denied in its entirety.

Case Nos.: 5:12cr9/MW/HTC; 5:16cv153/MW/HTC

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1. The Motion to Vacate, Set Aside, or Correct Sentence (ECF Doc. 509) be DENIED.

Case Nos.: 5:12cr9/MW/HTC; 5:16cv153/MW/HTC

2.   A certificate of appealability be DENIED.

At Pensacola, Florida, this 8th day of May, 2019.

                                       */s/ Hope Thai Cannon*
                                       **HOPE T. CANNON**
                                       **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.